I'm attorney Andrew Knapp. I'm co-counsel with attorney Juan Laguna who's the attorney of record representing the petitioners in this case. I'm here to discuss the issues of jurisdiction and Mr. Laguna is here to actually discuss the merits. What we plan to do is divide our time. I want to take five minutes to discuss my issues and then I'll turn it over to Mr. Laguna. What's the jurisdiction problem? What problem are you batting down? Well, the argument is that this court does have jurisdiction to review the decision below of the board of not remanding petitioner's case on the basis of their prima facie eligibility for U visa relief. In addition, Mr. Laguna's brief raises the issue that the construction of the exceptional extremely unusual hardship standard is now reviewable under the Real ID Act. Those are the two issues that I'm here to discuss. I'm not sure which issue the court is most interested in hearing. Could you explain the first issue a little more? Well, this court needs to review the board's decision on the actual basis for that decision. In this case, the board construed Mr. Laguna's motion to admit the copy of the pending U visa application as a motion to remand. And then the board did actually review that application and concluded that the petitioners had not shown prima facie eligibility for U visa and that was their stated basis for denying the motion to remand. Now, I did submit a Rule 28J letter to this court, which indicates that regulations have been published and have gone into effect last month defining the standards for obtaining U visa. And in hindsight, it's clear that the board What does that have to do with jurisdiction? I understand that that has to do with the merits, but Well, the government, at least in the second case, is arguing that for a number of different reasons, this court doesn't have jurisdiction to review that question. My argument as far as why the board erred in not remanding this case because of the prima facie eligibility for U visa is because the decision not to allow petitioners to pursue that relief, to not either hold an abeyance, administratively close, or remand the proceedings, put the petitioners in an untenable position where they would have to Let me just ask something. I don't understand what you would wish to have it remanded for. Maybe it's helpful if I just put a little context to it. All this is really new. I don't think anybody had the faintest idea of what they were doing at the time. And so that being the case, the logical thing to do is just to ship it back to the BIA and say, OK, now look at this thing and see where you come out. But even on that basis, I don't see what you would be remanding to the IJ for because the available remedies, as it were, are continuance if the petitioner asks for it themselves and or terminating the proceedings if ICE joins it. That's quite right. I mean, isn't the error, if any, a misconstruction of the motion to remand and instead should have construed it as a motion for continuance? I don't see that as the error. I see the error as the board deciding that the petitioners wouldn't qualify. Well, yeah, but you don't even get there unless you get there. Correct. OK, so if the only thing available is a motion to continue the proceedings, we don't know what the BIA would do with that because they didn't think of it in those terms. So, look, put it a different way. Even if the BIA goofed in its view of what a prima facie eligibility showing consists of under the regulations as they were effective a couple of weeks ago and weren't before them, OK, even if they goofed on that, so what? The BIA cannot make an eligibility determination. That's correct, Your Honor, but I think the fact that they thought there'd be no prejudice in letting the case go forward to final order, that's the issue because it places the petitioners in a position where they need to. Which is exactly what I said. So why wasn't the mistake in not construing the request as a motion to continue the BIA proceedings pending a determination by the only body with jurisdiction to do it as to whether the application has merit? And I would agree with you that that would be an effective remedy either to have the board continue the case until the Citizenship and Immigration Services can decide the application. Well, that's up to the BIA in its discretion, right? Correct. OK. And I see my time is left. I'll turn over the case to co-counsel to discuss the merits of the petitioner's case. Good morning, Your Honor. My name is Juan Laguna, and I have the privilege to represent petitioners which rarely reach this level of review. I would call Manuel, Jose Luis, and Leticia people that normally don't have a voice to be heard and to be respected. Petitioners respectfully request this court to grant the petition for review because they qualify for a benefit in immigration law called U-Visa, as you very well know. But the BIA can't do that. Yes, Your Honor. Only ICE can do that, right? CIS, correct, Your Honor. Yes. Service-centric. OK, so the BIA can't do that, but the BIA could, if properly asked, grant a continuance. Or, if you got ICE to go along for the ride, could terminate the proceedings. Correct, Your Honor. Right? That's absolutely right. So? And that's what petitioners would like to do. Since the regulations are published a couple of weeks ago, we have the form ready to open. So you'd like to send it back to the BIA so that they can consider the motion to stay proceedings? Correct, Your Honor. To administratively close or to terminate proceedings if the U-Visa is granted. Well, you have two possible avenues, Judge Reimer said. If it's sent back to the BIA, you can ask ICE or whoever it is to file a joint motion to terminate. Yes, Your Honor. Or you can move before the BIA to stay the proceedings until the other part of the government rules. And is that what you want to do? Yes, Your Honor. Okay. That's what we want to do. We don't want to have a removal order. ICE, the deportation branch, is going to the houses of the people who have orders. They increase their effectiveness by creating a new office in Santa Ana. I live in Santa Ana. I know what fear is going on in the streets. And my clients, any time they will see the order by mistake and they will go to their house. And in the middle of the night, 3 or 4 o'clock, they will take them handcuffed because these children are 16 and 14. And they are not infants. They have a third child, Joseph, who is one year old. And perhaps Stephen, the oldest child, could take care of Joseph. And that's going on in the street. We don't want a final order. That's the last thing. I represent cases that people don't want to take. But I have two choices, to take the case or to tell them, you know, wait for the visit or leave the country. But Juan, they tell me, how can I leave? Where am I going to go? I have nothing. I just have my job for 18 years. Nobody complained about my performance. I have my children sitting at school. Nobody is disabled to reach the hardship level. You know, all of that is no doubt a very strongly held view, and I understand it. But we don't have jurisdiction to review the factual determination of hardship. Your Honor, where do we draw the line? This is well known at every level. There is a rampant fraud going on against innocent people. Different question. That's the U-Visa issue. Yes, Your Honor. But it's the knocking on the door of proceedings. The immigration court in L.A. is collapsed. I mean, hearings are extended for years. Everybody knows the attorneys who are cooperating with the notaries to bring people to proceedings. Innocent people who don't stop paying money to notaries, losing the time for work, going to Los Angeles, suffering the lack of respect and the abuse, and taking it on themselves and continue contributing to our society. Where do we draw the line? But in this case, what you want from us is to send it back to the BIA. Yes, Your Honor, but I am limited because of what Your Honor said. We don't have jurisdiction. That's why Mr. Knapp wanted to address it. Yes. The extreme and unusual hardship concept. But on the extreme and unusual hardship, that's not what we have to decide now. What we have to decide now, I think, is whether this should be sent back to the BIA so that they can properly process your request because of the U-Visa. Correct, Your Honor. All right. Thank you. Thank you very much. Thank you. May it please the Court, I'm Lindsay Williams, and I represent the respondent in this case. Is there any reason that we shouldn't send it back to the BIA so they can consider the request to stay or continue pending action on the U-Visa? Yes, Your Honor, several reasons. Hasn't the whole scenario changed now that the regulations have come out? Yes, in the sense that the regulations are new. Yes, in the sense that they've been out for several weeks. However, Your Honors can look at this very similar to when petitioners file motions for continuances because they are filing for a decimative status pursuant to 245-I. And they go to the immigration judge or they go to the board and they say, look, we're processing this, give us some more time because we are eligible for this. And as soon as this is processed, then everything else will be moot, so just give us some time. Well, that's an avenue that the DHS's regulations make specifically available to petitioners with U-Visa applications pending. To file a motion for continuances. And so would you rather have this Court spell out what the BIA should do with these things or would you rather have the BIA do it? We, of course, would rather have the BIA do it, Your Honor. However, in this particular case, Your Honor stated a moment ago that because the board did not construe this as a motion for continuance but construed it as a motion to reopen, that we would somehow need to remand so that they construe it as a motion for continuance. And it's Respondent's position that that's not necessarily the case. If the petitioner is not eligible for a U-Visa, in the sense that the problem with his eligibility for the U-Visa was that he had not alleged that he was a victim of a crime that was in New York. Well, look, that's wrong under the regulations. But I don't see any reason why this Court even needs to say that. Well, why shouldn't, under proper, why shouldn't the BIA, now that the regs have been issued, take a look at the whole thing and make its own cut about how to process these issues? It's going to get a ton of them. So why shouldn't the BIA have the first cut at it? Otherwise, you can be very sure we will. Well, Your Honor, if what you're saying to Respondent today is that our choice is that the Court is going to on the U-Visa eligibility issue, which I'm not sure how that would happen, or the Board would, then of course we prefer the Board. But in this particular instance... A question of who would grant the stay while this thing takes place. Yes, well, the Board would grant the stay if this were even an issue. I mean, what you have here is a petitioner who has alleged... Well, then if we send it back and you think you shouldn't grant a stay and you have a good reason, then you won't grant the stay and you'll say what your reasons are. And it won't be the reason you gave the last term, because the regulation says that the qualifying crime doesn't have to be charged in the indictment. As Judge Reimer said, we can say that. Well, you can read your own regulations and find that out. But you can do whatever you want. If we send it back, we're not going to tell you what to do. But if we do, if you don't want it sent back, maybe we will tell you what to do, is what Judge Reimer is trying to tell you. Yes, and I am understanding that. And our response is, of course, we would prefer a remand to the Board if the Court feels that a remand is necessary. We don't particularly feel one is because the Board has looked at it in the same context that it would look at it in the context of a motion for a continuation. Well, it didn't look at it in light of the regulations that say you don't have to have the qualifying crime charged in the indictment. Yes, Your Honor. Respondent understands. And if given a choice, we choose remand to the Board on this issue. Counsel, my understanding is that this fellow, Roberto Fernandez, has been charged, and he's fled to Mexico, and there's an ongoing criminal proceeding against him. These people have alleged that they were victims of his fraud and his crime, so I don't understand why the government doesn't support the idea that they should have time to process a U visa. Their testimony may be quite critical in this case. Well, they have a certification, as I recall, don't they? Yes. From the State Prosecuting Agency. Right. Correct, Your Honor. The certification states that it is possible that conspiracy to commit perjury will be charged in this case. However, at this time it has not. I had expected the government to get up here and tell us exactly how it should be processed and why it should go back and not to resist a ruling. Well, Your Honor, I will repeat again. If the choice is between the court deciding the issue. No, that's not really what I was saying to you. You're saying under duress I exceed, and that's not what I. . . That's not what you expected. I understand. I understand. With respect to what Your Honor had pointed out with the petitioners serving as witnesses in this case, at this point I'm not even sure if there's any point in me saying this to you. However, the U visa can be used at any point. If they were sent back to Mexico, they still could apply and be brought back with a U visa for the purpose of serving as witnesses in this trial. So that isn't necessarily the crux of the issue here. However, I hear the court's message loud and clear, so I'm not sure if I even need to address any other issues. I don't think so. Okay, I didn't think so either. Thank you, Your Honor. Okay. Counsel, while you're here. . . Yes. Is there anything further you would say in the second case? In the second case. Or should this, what you just said, apply to the next case also? Oh, I'm sorry, the next case, that is actually not my case. That is my colleague's case. Oh, okay. I'm sorry. It's my fault. I thought you were. . . Thank you. No, you're both on the other case. Sorry. Thank you, Counsel. The case is there. It will be submitted.
judges: Fletcher, Reinhardt, Rymer